# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2026

Lyle W. Cayce
Clerk

———————

No. 25-40053

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PAUL EDWARD THOMAS,

*Defendant—Appellant.*

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CR-90-2

———————————————————

Before JONES, HO, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Paul Edward Thomas, federal prisoner # 13602-078, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He contends that the district court erred in concluding that the Sentencing Commission's policy statement set forth in U.S.S.G. § 1B1.13(b)(6), p.s., did not authorize it to grant his motion in light of our precedent. *See United States v. Austin*, 125 F.4th 688, 692 (5th Cir.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-40053

2025) (holding that a non-retroactive change in the law cannot constitute an "extraordinary or compelling" reason to reduce a prisoner's sentence); *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) (holding that prisoners can demonstrate "extraordinary and compelling" reasons "only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner"). After briefing in this matter concluded, the Supreme Court issued its opinion in *Rutherford v. United States*, 608 U.S. —, 146 S. Ct. 1320, 1335 (2026), in which the Court held that (i) the non-retroactive change to 18 U.S.C. § 924(c) wrought by the First Step Act, "considered by itself or in combination with other factors," cannot serve as an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A); and (ii) to the extent that § 1B1.13(b)(6) "counsels otherwise, [it] is invalid."

Citing *Rutherford*, the Government now seeks summary affirmance, contending that Thomas's arguments are foreclosed. Thomas agrees that summary affirmance is appropriate. We likewise agree and conclude that Thomas's arguments are foreclosed by *Rutherford*. Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, and the order of the district court is AFFIRMED.